UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY WHITE,

          Plaintiff,

  v.

Case No. 21-cv-784-pp

ANDREW M. SAUL,

          Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      The court first notes that the plaintiff did not file her request on the correct form, she should have used this court's "Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee," which is available on the Eastern District of Wisconsin's web site. In addition there are a number of discrepancies on the form. The plaintiff has counsel, who should be reviewing any filing to determine that it is on the proper form and that its contents are accurate.

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's application indicates that she has monthly income of $145 from child support and $600

1

from public assistance (although the plaintiff incorrectly states her total monthly income as $145). Dkt. No. 2 at 1-2. The plaintiff wrote N/A under the sections referring to a spouse's income and expenses. Id. at 1, 2, 4-5. The court assumes this means that the plaintiff does not have a spouse, but because this is not the correct form, the court cannot be certain of that fact. The plaintiff owns a 2010 Honda, worth approximately $2,000; she does not own her home or any other real estate or other valuable assets. Id. at 3. The court is puzzled by the fact that, despite the earlier indication that she receives monthly child support of $145, the plaintiff indicates that there is no one who relies on her or her spouse for support. Id. The plaintiff lists monthly expenses of $1,417 ($850 rent or home-mortgage payment—the court assumes this is a rental payment because the plaintiff indicated that she did not own any real estate, however the plaintiff did not follow the instructions and inform the court whether real estate taxes and property insurance are included in this monthly payment, $250 utilities, $60 homeowner's or renter's insurance, $141 motor vehicle insurance, $116 motor vehicle payment). Id. at 4-5. The plaintiff states, "My expenses are greater than my income. My son has to help me pay bills." Id. at 5. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct

legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits initially and on reconsideration, that she timely filed a request for a hearing and testified via telephone at an administrative hearing, and that her claims for benefits were denied by the Administrative Law Judge who held that hearing. Dkt. No. 1 at 2. The plaintiff states that the ALJ's decision denying benefits was not supported by substantial evidence and contained errors of law and that the Appeals Council erred by declining review of an adverse action that was not supported by substantial evidence and contained errors of law. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
